CASE No. 1024.

PHINNEY v. JOHNSON.

1. Under judgment against an administratrix, who was also widow, the unimproved lands of the intestate were sold, and the purchaser erected thereon valuable buildings, after which the widow brought her action for dower. *Held*, that she was entitled to her dower of the lands so improved, and that it should be estimated according to the value of the premises at the time of assignment.
2. The question of the widow's estoppel by her laches to claim dower in the value of the improvements was adjudicated in her favor on the former hearing of this case. 13 *S. C.* 25.
3. But the widow being practically in possession of the bare lot until the sheriff's sale, and having forborne for a long time to assert her claim, interest was allowed only from the date of the possession by the last purchaser—the defendant here.

---

Before MACKEY, J., Fairfield, February, 1880.

Action commenced in the Court of Probate by Mary T. Phinney against William Johnson, for dower. The opinion states the case.

Mr. J. H. Rion, for appellant.

Mr. John S. Reynolds, contra.

April 18th, 1881.   The opinion of the court was delivered by

McGOWAN, A. J.   James Phinney, the husband of respondent, died intestate May 31st, 1862, seized of a lot in the town of Winnsboro', containing one half acre.   The widow administered upon the estate and sold the personal property.   March 13th, 1868, the sheriff levied upon this lot under a *fi. fa.*, on a judgment obtained against the administratrix, upon a debt of the intestate, January 21st, 1868.   The sheriff sold the lot April 6th, 1868, for $400, and conveyed to Seigler March 8th, 1869. Seigler sold to W. R. Robertson for $600, and in May, 1869, he built on the lot a fine double store-building and other improvements, costing at least $3500.   W. R. Robertson conveyed to Thomas R. Robertson, who sold February 2d, 1877, to William Johnson, the defendant, for $5000.

April 5th, 1878, this action was commenced in the Probate Court, which decreed dower.   An appeal was taken to the Circuit Court and thence to the Supreme Court, where the judgment was affirmed and the case remanded to the Probate Court to *determine the measure of respondent's dower*.

It was admitted that the lot could not be divided, and that respondent's dower must be *one-sixth* in money.   It was also agreed that the Probate judge, instead of commissioners, should allot dower.   He assigned dower upon the value of the lot at the time of assignment, including all improvements ($4200), with interest from date of defendant's possession, February 2d, 1877. From this decision of the Probate judge both sides appealed. Judge Mackey affirmed the decree of the Probate Court, so far as related to the value upon which dower should be assessed; and modified the same as to the matter of interest, holding that respondent was entitled to interest upon the sum assessed from the date of her husband's death, 1862.   From this decree the defendant appealed and submits several exceptions, which present to this court the following propositions: *First*. That the demandant is not entitled to dower in any improvements put upon the

land since the sale by the sheriff; but it should be assessed upon the value of the land either, 1st, at the time of the husband's death; or, 2d, at the time of the sale by the sheriff. *Second.* That she is estopped by her conduct, laches, delay, negligence, course of conduct as administratrix, and her silence while the improvements were being placed on the lot, from now claiming any share *in said improvements*. *Third.* That in any event the defendant is liable only for rents and profits (or interest in lieu thereof) only for the time he has been in possession.

1. Is the demandant entitled to dower in the improvements placed upon the land after the sale by the sheriff? The general rule certainly is that a dowress is entitled to dower in the land as found at the time of assignment. This results from the very nature of the right, which is to be put in full possession of *one-third part of the land itself*, which carries everything on the land. The principle is not changed where a sum of money is assessed in lieu, and bar of dower under the act which declares "when the same cannot be fairly and equally divided, without manifest disadvantage, then they shall assess a sum of money to be paid to the widow in lieu of her dower by the heirs-at-law, or such other person or persons who may be in possession of the said land." *Gen. Stat.* 530. This view is fully supported by authority *as against the heir*. In the case of *Stewart* v. *Pearson*, 4 *S. C.* 7, the court says: "The seizin in the premises by the husband during the coverture, and his death being admitted, we concur with the Circuit judge in holding that the dower is to be estimated according to the value of the land at the time of assignment. If, in lieu of the assignment to her of land, a sum of money is substituted or its value, we cannot perceive the reason which would refer such value to the time of his death." In 2 *Scrib. on Dower* 557, the authorities are cited, and the result stated, as follows: "It seems to be settled that if the heir, after the husband's death, improves the land and its value is thereby enhanced, the widow will be entitled to her dower of the lands so improved, without any allowance to the heir on account of his expenditures or labors."

But, admitting the general rule, it is insisted that there is an important exception, and that this case, in principle, falls within it. That exception is, "that the widow is not entitled to dower

according to the *improved value of the land,* in case of alienation by the husband." In such case there is a general concurrence of the authorities, that as to *improvements* the principle of *betterments* should be applied in favor of the purchaser. This just modification of the rule is as well-established as the rule itself, and in our state it has been embodied into the law of 1824, which provides "that on all assessments of dower against a purchaser in behalf of a widow of a former owner, the value of the land at the time of *alienation by the husband,* with interest from the accrual of the right of dower, shall be taken and received by the courts of this state as the true value on which to assess the said dower." *Gen. Stat.* 530.

It is earnestly urged, and with much force, that this is not a case against *the heir* but a *purchaser;* that the purchaser here does not hold the title of the heir, but of the executor, which is paramount to that of the heir; and although the land was sold by the sheriff *after* the husband's death, the sale was substantially an alienation by the husband, not, of course, strictly and literally, but within the spirit and meaning of the act of 1824. At the time of the husband's death he was seized of the lot, and, upon that event, the title was cast upon his heirs, *subject, however, to the payment of his debts.* He was then in debt, and it was afterwards sold by the officer of the law as his property, under a judgment recovered upon a debt of his, without regard to the nominal title of the heirs. If the sheriff's sale had been in the lifetime of the husband, it would have been considered an *alienation by the husband.* "A purchaser under execution occupies the same position in regard to improvements made by him as if the premises had been conveyed by deed directly from the husband." 2 *Scrib. on Dower* 579, and authorities cited. It is not clearly perceived in what particular, as to improvements by the purchaser, a sale by the sheriff to satisfy a debt of the husband, made *after his death,* differs from one made for the same purpose *before his death.* But the words of the act are "*alienation by the husband,*" and we cannot, in its face, extend the remedy it provides so as to include a case not within its terms, the sale by the sheriff being after the death of the husband. The court may desire to prevent a hardship, but its duty is plain not to

L

make but to declare the law. It is the province alone of the legislature to amend the law so as to make the terms include all cases which fall within the mischief intended to be remedied. This case not being within the terms of the act of 1824, it was not error to assign dower in the land as it was found at the time of the assignment.

2. It is further contended that the plaintiff is estopped by her laches, conduct, delay, negligent course of administration and her silence, while the improvements were going up, from now claiming dower *in those improvements.* The doctrine of estoppel applies to claims for dower, (2 *Scrib. on Dower* 251–253); but we regard this question as *res adjudicata* by the former judgment of this court, which declared the right to dower. The same question was made there, " that the plaintiff, by her conduct, course of administration of her husband's estate, retaining the personal property and her silence while the improvements were being erected, is estopped in equity from claiming dower in the *value of such improvements.*"

The judge of probate held that the petitioner herein has not, by any conduct upon her part, estopped herself from setting up her claim of dower, and that judgment was affirmed by this court, which declared that " the foundation of equitable estoppel is the ignorance of the party asking its benefit, induced by the conduct of the party against whom it is asserted. The Probate judge has found that the purchasers who successively took titles under the sheriff's deed, had knowledge of the existence of the petitioner's claim of dower in the land sold. In addition to this finding it must be assumed that the parties knew of the nature of the title they held, and consequently that the lands held by them were those of which the decedent died seized. Knowledge of the demandant's claim of dower is presumable from this fact. * * * The possession of the personal estate unadministered is immaterial to the present question. The appellant has no concern in the administration of the estate, as far as appears, and it is of no importance to him whether the estate was well or ill administered." We have held that the improvements go with the land, and the widow gets her share of their value as an incident to her right of dower. The whole question of estoppel, not only as to

the right of dower, but also as to the improvements, has been adjudged.

3. It is still further contended that the plaintiff is not entitled to interest from the death of her husband upon the value of improvements not in existence until years after. We have seen that the widow is entitled to dower in the land as it is found at the time of assignment, because she is entitled to a third of the land itself. For the same reason she is entitled to the rents and profits of that land for the time she has been deprived of its use. *Keith* v. *Trapier, Bail. Eq.* 64; *Mey* v. *Mey, Rich. Eq. Cas.* 379; *Woodward* v. *Woodward,* 2 *Rich. Eq.* 23. But, as we understand it, that does not mean theoretical rents and profits upon the basis of the improved condition in which the land may be when dower is assigned, estimated retrospectively over the whole period back to the time of the husband's death, but the actual rents and profits for each year according to its then capacity to produce rents as to a portion of which the statute of limitations might be applied. When the widow is in possession of the land she is allowed one-third of rents, but must account for the other two-thirds. *Gordon* v. *Stevens,* 2 *Hill's Ch.* 429. When interest is given it is as a substitute for rents and profits, and it would seem to follow that the amount should be as nearly as possible in conformity with what an actual accounting for the different years would produce. But this is not practicable, and interest is adopted as a convenient substitute, but interest being the same each year, the Court of Equity (rents and profits are not given at law) being bound by no positive law on the subject, does not adhere to any fixed rule as to *the time interest shall run,* but gives interest according to the equities of the case. In *Henagan* v. *Harllee,* 10 *Rich. Eq.* 288, Chancellor Dunkin says: " In this court the widow, when right of dower is established, is also entitled to an account of the rents and profits. But the extent of the right may be modified and restricted, according to the circumstances of the case. In *Bullock* v. *Griffin,* 1 *Strob. Eq.* 60, the account was limited to the filing of the bill." Also, in the case of *Henagan* v. *Harllee, supra,* the court limited the account to the filing of the bill, partly, at least, as stated, upon

the ground that "the widow forbore to set up her claim until more th*a*n a year after testator's death." In the case at bar the widow forbore to set up her claim for fifteen years after intestate's death, and nearly ten years after the sale by the sheriff. From the death of her husband, in 1862, until it was sold by the sheriff, in March, 1868, the bare half-acre lot, in no condition to yield rents and profits, was practically in the possession of the widow administratrix as assets of her intestate, " to be administered," and we concur with the judge of probate, that she has no equity to have interest as a substitute for rents and profits of the improved value of the lot, charged against the defendant beyond "the time he has been in possession," viz., February 2d, 1877.

As to the interest, the decree is modified according to the views herein expressed, and in all other respects it is affirmed, and the appeal dismissed.

SIMPSON, C. J., and MCIVER, A. J., concurred.